## NASH & al. versus BABB & al.

The neglect or refusal of a poor debtor to expose and deliver property on which a lien is certified by the justices who hear his disclosure, on a legal demand being made, is, in effect, a forfeiture of his bond.

And the damages to be recovered, in an action upon such bond, are not necessarily determined by the disclosure, or the adjudication of the justices as to what property a lien was given, but from all the evidence in the case.

ON REPORT from *Nisi Prius*, HATHAWAY, J., presiding. DEBT, on a poor debtor's relief bond.

A certificate of discharge of the debtor, according to § 31, of c. 148, R. S. was relied upon in defence; and evidence, under objections, tending to prove that, by reputation, the debtor was worthless at the time of the examination.

The plaintiff produced the disclosure, and a certificate of the justices granting a lien on one carpet, one clock, one feather bed, one sofa, fifty bushels of oats, and hay exceeding ten tons, in the barn where the debtor lived; also an execution on the creditor's judgment with the officer's return thereon, within thirty days from the time of the examination, that he had demanded the property named in the certificate,

and the debtor neglected and refused to deliver, expose, and discover to him the same, and he therefore returned the execution in no part satisfied.

The cause was submitted to the full Court.

*Knowles & Briggs,* for defendants.

1. The disclosure does not show that any of the property enumerated in the justices' certificate was liable to that lien. R. S., c. 148, § 34.

2. The justices are not required by law to give such certificate. If the property disclosed liable to be levied on by the creditor, be more than enough to satisfy the execution, then the creditor shall have a lien on so much as the justices in their record shall judge necessary. *Idem.*

3. A lien of this kind is created, if at all, by law, and not by the record of the justices. *Torrey* v. *Berry,* 36 Maine, 589 ; *Hatch* v. *Lawrence,* 29 Maine, 480.

*A. W. Paine,* for plaintiff.

The debtor having refused to surrender the personal property disclosed, shall receive no benefit from the certificate of discharge. R. S., c. 148, § 34.

The facts proved bring the case within the exact language of that section.

The bond is thus forfeited and plaintiff entitled to actual damages. The disclosure shows enough set apart by the justices to pay the judgment; and also other property of which the debtor was once owner, and which has never been lawfully disposed of. The whole disclosure shows a fraud upon creditors.

The Court are authorised to draw inferences as a jury, and here is property enough withheld to pay our debt.

Upon all the evidence submitted the damages are to be computed. *Torrey* v. *Berry,* 36 Maine, 589.

TENNEY, J. — It appears by the officer's return on the execution in favor of the plaintiffs against the principal defendant in this suit, that within thirty days after the disclosure of the debtor, the property on which the creditors

had a lien, by the justices' certificate, was demanded and there was a refusal to deliver the same. By this refusal, the debtor lost the benefit of the certificate of the justices of the peace and quorum, who administered to him the poor debtor's oath; and the bond is to be treated as broken. R. S., c. 148, § 34; *Hatch* v. *Lawrence*, 29 Maine, 480.

When the debtor refuses to deliver property upon which the lien attaches, on a legal demand, he cannot invoke his disclosure, as conclusive evidence, touching the property which he owned, and which was not exempt from attachment. He cannot withhold the property, which should have been delivered, when properly demanded, thereby depriving the creditor wrongfully of his lien, and confine him to the facts stated in his own disclosure, or to the judgment of the justices upon those facts, in the question of damages upon a suit, for the breach of the bond. · "The amount assessed shall be the real and actual damage and no more." Statutes of 1848, c. 85, § 2; *Torrey* v. *Berry*, 36 Maine, 589. The creditor may prove that the debtor was the owner of other property, beside that which is referred to in the justices' certificate, as subject to a lien, that was liable to be attached by a creditor, if it could be reached; or that goods were fraudulently disposed of to prevent an attachment, all which could be considered in making up the damages.

The disclosure is properly relied upon as evidence on the question of damages in this case. The account given of property, by the debtor therein, which he admits that he once owned, is very indefinite and unsatisfactory. Parts of it, which he represents as having been transferred to others, is not shown to have been sold in a manner, which makes the transfer a legal sale against his creditors.

The amount of the judgment, when obtained, was not far from the sum of seventy-five dollars. The damages in the present action can in no event exceed the sums named in the execution, issued upon that judgment, including interest thereon. For this amount, the judgment against the defendants should be entered.          *Defendants defaulted.*